**AFFIRMED and Opinion Filed January 18, 2023**



**In The**
**Court of Appeals**
**Fifth District of Texas at Dallas**

**No. 05-22-00311-CR**

**JOSHUA WILSON, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the 397th Judicial District Court**
**Grayson County, Texas**
**Trial Court Cause No. 069937**

# MEMORANDUM OPINION

Before Justices Partida-Kipness, Nowell, and Kennedy
Opinion by Justice Nowell

A jury convicted Joshua Wilson of burglary of a habitation. In a single issue, appellant argues the evidence is insufficient to sustain the conviction. We affirm the trial court's judgment.

When reviewing the sufficiency of the evidence to support a conviction, we consider the evidence in the light most favorable to the verdict. *Edward v. State*, 635 S.W.3d 649, 655 (Tex. Crim. App. 2021). The verdict will be upheld if any rational trier of fact could have found all the essential elements of the offense proven beyond a reasonable doubt. *Id.* "This familiar standard gives full play to the responsibility

of the trier of fact fairly to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979). The jury is the sole judge of the weight and credibility of the evidence. *Edward*, 635 S.W.3d at 655. When considering a claim of evidentiary insufficiency, we must keep in mind that a juror may choose to believe or disbelieve all, some, or none of the evidence presented. *Id*. Further, while jurors may not base their decision on mere speculation or unsupported inferences, they may draw reasonable inferences from the evidence. *Id*. The evidence is sufficient to support a conviction, and thus the jury's verdict is not irrational, if "the inferences necessary to establish guilt are reasonable based upon the cumulative force of all the evidence when considered in the light most favorable to the verdict." *Id.* at 655-56 (quoting *Wise v. State*, 364 S.W.3d 900, 903 (Tex. Crim. App. 2012)). When faced with conflicts in the evidence, a reviewing court shall presume that the fact finder resolved those conflicts in favor of the verdict and defer to that determination. *Id.*

As applicable here, a person commits an offense if, without the effective consent of the owner, the person enters a habitation with intent to commit theft. TEX. PEN. CODE ANN. § 30.02(a)(1).

Debbie Judkins and her husband live in a rural area of Grayson County. On January 31, 2018, Judkins received a call from a neighbor who believed Judkins's house had been burglarized. When she arrived home, Judkins saw the door between the garage and the home had been broken, the glass in the back door was broken,

and another door was kicked in. Her bedroom and closet were in disarray. She testified: "You could tell somebody had been through it all." Items missing from her home included a TV, Blu-ray player, pocket watch, and old wallet. The jury saw pictures of her home after the burglary and heard a recording of her call to 911.

The same day, Teresa Monk, one of Judkins's neighbors, was in the car with her husband, and her husband commented about a small gold or tan SUV that was parked at the Judkins's house. A man was standing on the sidewalk leading to the front door. As their car approached the house, Monk noticed the man look down at the phone in his hand "like he doesn't want me to see his face." Monk testified: "That really kind of set off a lot of alarm bells because it looked like he purposely was hiding his face." She testified the man was wearing a dark purple sweatshirt.

Monk called Gary Bennett, another neighbor, and told him about the man and vehicle on Judkins's property, and she provided physical descriptions of both. Bennett, who was in his car and near Judkins's property, then encountered the SUV driving the opposite direction. Bennett turned around, began following the SUV, and called 911. The jury heard the 911 recording.

Bennett followed the SUV until it stopped at a local business, Alpha Transmissions. The driver went into the shop. The jury saw surveillance video provided by Alpha Transmissions, which shows the man wearing a purple sweatshirt walking into the transmission shop. Bennett identified appellant as the man.

The owner of Alpha Transmissions testified that on January 31, 2018, a man walked into his offices, stood in the reception area for about a minute without saying anything, and then left. A second man then walked in and asked about the first man, explaining: "he had seen this gentleman at a house that was being burglarized and he was following him." Testifying about the same encounter, Bennett said he asked the shop owner to save his surveillance video footage because, Bennett explained, appellant "has broke [sic] into a neighbor's house."

The gold SUV was registered to appellant's girlfriend.

Jessey Grissom, a sergeant at the Grayson county Sheriff's Office, identified appellant on the surveillance video from Alpha Transmissions. Grissom testified he was "[a] hundred percent sure" appellant was the person in the video; "I mean, it's him. It's his face." During the investigation, Grissom went into appellant's home and took pictures. One of the pictures shows a Blu-ray player, and Judkins identified the Blu-ray player as hers.

Appellant testified in his defense. On January31, 2018, appellant became lost while driving to the transmission shop. He pulled into the Judkins' driveway to try to determine where he needed to go. When he eventually arrived at the transmission shop, he noticed the business was busy. "[S]o I sat there and waited. A guy came in from the side bay door and said somebody will be right with you to help you. I stood there maybe two minutes, and I just left. I got tired of waiting." Appellant testified he did not burglarize Judkins' home. Appellant acknowledged that, when Grissom

came to his house, Grissom found stolen property. However, appellant maintained he purchased the Blu-ray player.

On appeal, appellant argues the evidence is insufficient because there is no evidence "that anyone placed the Defendant anywhere on the Judkins's property other than in the front yard in plain view." The uncontested evidence shows the Judkins's house was burglarized on the same day appellant parked in their driveway. While no witness testified to seeing appellant burglarize the Judkins's house, the jury could have reached the conclusion he did so based on reasonable inferences drawn from the evidence, particularly the testimony from Monk and Bennett. Additionally, Debbie Judkins identified the Blu-ray player found in appellant's room as hers; Grissom found other stolen items in appellant's house.

Having reviewed the record, we conclude there is sufficient evidence for a jury to reasonably conclude appellant entered the Judkins's home and committed theft. *See Edward*, 635 S.W.3d at 655; *see also* TEX. PEN. CODE ANN. § 30.02(a)(1). We overrule appellant's sole issue.

We affirm the trial court's judgment.

/Erin A. Nowell/
ERIN A. NOWELL
JUSTICE

Do Not Publish
TEX. R. APP. P. 47.2(b)
220311F.U05



## Court of Appeals
## Fifth District of Texas at Dallas

**JUDGMENT**

JOSHUA WILSON, Appellant

No. 05-22-00311-CR      V.

THE STATE OF TEXAS, Appellee

On Appeal from the 397th Judicial District Court, Grayson County, Texas
Trial Court Cause No. 069937.
Opinion delivered by Justice Nowell. Justices Partida-Kipness and Kennedy participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered January 18, 2023